UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CLARENCE D. JOHNSON,
        Plaintiff,

        v.                              CIVIL ACTION NO.
                                        14-11273-DPW
UNITED STATES JUDGES, et al.,
        Defendants.

                      MEMORANDUM AND ORDER

    For the reasons set forth below: (1) plaintiff's Application to Proceed Without Prepayment of Fees is Allowed; (2) this action is dismissed; and (3) plaintiff is warned of the Court's authority to issue sanctions for vexatious litigation.

                           BACKGROUND

    On March 21, 2014, Clarence D. Johnson ("Johnson"), a resident of Clinton, Maryland, filed an Application to Proceed Without Prepayment of Fees along with his self-prepared complaint.

    As best can be gleaned from plaintiff's three-page, handwritten complaint, he alleges that he has been subjected to "judicial discrimination" in "multiple judicial systems." Complaint. He seeks "fair legal treatment and monetary relief from 5 yrs. of this treatment [and] $15 million Dollars." Id. p. 3.

    The Court's records indicate that Mr. Johnson previously filed five other cases in the District of Massachusetts. See Johnson v. Shady Grove Adventist Hospital, et al., C.A. No. 13-12584-FDS (Jan. 6, 2014, dismissed for failure to state a

claim); Johnson v. Sheet Metal Local #100, et al., C.A. No. 13-13223-NMG (pending); Johnson v. Evans, et al., C.A. 14-10864-JGD (pending); Johnson v. Wells Fargo Bank, C.A. No. 14-11274-MPK (pending); and Johnson v. North Carolina Unemployment, C.A. No. 14-11325-GAO (pending).

Moreover, a search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that plaintiff filed six frivolous actions in other federal district courts last year. See Johnson v. Denver Gen. Dist. Court, 1:2013-cv-01475 (D. D.C. Sept. 26, 2013); Johnson v. Henrico Police Dept, 1:2013-cv-12584 (D. D.C. Sept. 26, 2013); Johnson v. Henrico Co. Govt., 1:2013-cv-00286 (E.D. Va. June 19, 2013); Johnson v. IRS, 1:2013-cv-00385 (E.D. Va. Mar. 26, 2013); Johnson v. Wells Fargo, 1:2013-cv-00419 (E.D. Va. Apr. 9, 2013); Johnson v. Ebenezer Baptist Church, 1:2013-cv-00430 (E.D.Va. Aug. 15, 2013).

## DISCUSSION

I.  The Motion to Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. See 28 U.S.C. § 1915(a)(1). Upon review of plaintiff's financial disclosures, the request to proceed in forma pauperis is hereby ALLOWED.

II. <u>Screening</u>

Because plaintiff has sought to proceed without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements of Section 1915 of Title 28, the federal <u>in forma pauperis</u> statute. <u>See</u> 28 U.S.C. § 1915. Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915 (e)(2); <u>Neitzke v. Williams</u>, 490 U.S. at 325; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001).

In determining whether a complaint states a claim, the court accepts as true the well-pleaded allegations in the complaint and takes reasonable inferences in the plaintiff's favor. <u>Martino v. Forward Air, Inc.</u>, 609 F.3d 1, 2 (1st Cir. 2010). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). The plausibility standard does not require a probability but is more than a mere possibility. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937,

1949 (2009).

In conducting the preliminary screening, the Court construes plaintiff's pro se complaint generously. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### III. District Courts Lack Jurisdiction to Review Decisions of Fellow Judicial Officers

To the extent the complaint may be read as an attempt to have this Court review the decisions of other federal judges, such claims must be dismissed. The proper means of seeking review of the judgment of a court is by appeal, not through the filing of a civil action against the presiding judicial officer. See 28 U.S.C. §§ 1291, 1292; Edwards v. Wilkinson, 233 F. Supp. 2d 34, 37 (D. D.C. 2002) (appealing to a higher court for relief is the only judicial procedure available to a litigant who seeks to challenge the legality of decisions made by a judge in her judicial capacity); cf. Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... Almost invariably, they are proper grounds for appeal, not for recusal."). Thus, plaintiff's claims challenging various decisions of the Judicial Officer Defendants are subject to dismissal. Edwards, 233 F. Supp. 2d at 37.

### IV. Absolute Judicial Immunity

To the extent that the complaint asserts claims against

judicial officers based on plaintiff's dissatisfaction with the manner in which his cases have been decided, such claims are barred because of the doctrine of judicial immunity. The doctrine of judicial immunity protects judges from suit for any normal and routine judicial act. See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Bolin v. Story, 225 F.3d 1234, 1240 (11th Cir. 2000) (Federal Courts Improvement Act of 1996 expanded doctrine of absolute judicial immunity to protect federal judges from injunctive relief as well as monetary damages); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (citation omitted) (same).

The Supreme Court has long recognized a "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." Stump v. Sparkman, 435 U.S. 349, 355, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted); see also Cleavinger v. Saxner, 474 U.S. 193, 200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985) (noting that the doctrine of judicial immunity is "firmly established"); Bradley v. Fisher, 80 U.S. 335, 341, 13 Wall. 335, 20 L.Ed. 646 (1871)

("Judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."). The Court of Appeals for the First Circuit has commented that:

> The protection afforded by an absolute immunity endures even if the official acted maliciously and corruptly in exercising his judicial or prosecutorial functions.

Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir. 2013) (internal quotation marks omitted).

Here, plaintiff challenges what he perceives to be, either "indirectly or directly," bias and favoritism by members of the judiciary. Compl. at p. 2. However, any claim against the judicial defendants are barred by the doctrine of judicial immunity.

V. Sua Sponte Dismissal

It is evident that plaintiff has failed to state a legal claim and the complaint is legally frivolous pursuant to 28 U.S.C. § 1915(e)(2). This action is subject to dismissal in its entirety. Generally, a pro se plaintiff is afforded an opportunity to cure a deficient complaint. Here, however, this Court need not afford Mr. Johnson an opportunity to cure the pleading deficiencies because such efforts would be futile.[1]

---

[1] Although the Court often affords pro se plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,'counsel against

VI. The Court's Authority to Impose Sanctions

Plaintiff is advised that the Court has the authority to impose monetary sanctions and enjoin litigants from filing new actions absent leave of Court.

Under Rule 11, the Court may impose sanctions on an unrepresented party if he submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. See Fed. R. Civ. P. 11(b)(1), (2); Eagle Eye Fishing Corp. v. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); Pronav Charter II, Inc. v. Nolan, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to pro se litigants) (citation omitted). Rule 11 exists, in part, to protect defendants and the Court from wasteful, frivolous and harassing lawsuits, and provides for sanctions as a deterrent. See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992).

A district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. See

---

most uses of the power to dismiss cases sua sponte," Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." Id. at 36-37 (1st Cir. 2001).

Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same); John's Insulation, Inc. v. L. Addison & Assocs., 156 F.3d 101, 109 (1st Cir. 1998) (district court did not abuse its discretion in ordering dismissal of complaint and default judgment as a sanction for plaintiff's protracted delay and repeated violation of court's order under inherent powers rather than Rule 41); Alexander v. United States, 121 F.3d 312, 315-316 (7th Cir. 1997) (sanctioning inmate in the amount of $500 pursuant to court's inherent authority for repetitious, meritless litigation).

Vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation. Local 285 Service Employees Intern'tl v. Nontuck Resources Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995); accord Alexander, 121 F.3d at 315-316 (sanction appropriate when objectively unreasonable litigation-multiplying conduct continues despite a warning to desist). Subjective bad intent is not necessary to justify an award for vexatious conduct, Local 285 Service Employees Intern'tl, 64 F.3d at 737, and bad-faith behavior in this context is equivalent to bringing suit on a frivolous claim, meaning a claim that no reasonable person could suppose to have any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

Finally, a district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious

litigation.  Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1999)).

ORDER

Based upon the foregoing, it is hereby ORDERED:

1. Plaintiff's request to proceed in forma pauperis is ALLOWED; and

2. The complaint is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2).

SO ORDERED.

July 4, 2014                    /s/ Douglas P. Woodlock
DATE                            DOUGLAS P. WOODLOCK
                                UNITED STATES DISTRICT JUDGE